1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES GARRETT, | CASE NO. 1:03-CV-5892-AWI-SMS-P |
| Plaintiff, | ORDER DIRECTING CLERK'S OFFICE TO SEND DEFENDANT'S COUNSEL COPIES OF DOCUMENTS 37-39 & 41-42 |
| v. | |
| C/O RICHHI, | ORDER DENYING PLAINTIFF'S MOTION FOR A FREE COPY OF HIS DEPOSITION TRANSCRIPT |
| Defendant. | |
| | (Doc. 37) |
| | ORDER DIRECTING DEFENDANT'S COUNSEL TO COMMUNICATE DIRECTLY WITH PLAINTIFF CONCERNING REVIEW OF DEPOSITION TRANSCRIPT |
| | (Doc. 42) |

_____/

Plaintiff James Garrett ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  On August 1, 2005, plaintiff filed a motion seeking a copy of the transcript of his deposition held on July 22, 2005.   In the accompanying memorandum, plaintiff asserts that because the institution is on lock-down, he has been unable to secure copies of his filings to serve defendant's counsel.  On September 12, 2005, plaintiff filed a supplement to his motion, which appears to involve review of the transcript.

With respect to copies, plaintiff is required to serve a copy of all filings on defendant's counsel. Pursuant to the CDC memo submitted by plaintiff, plaintiff should be able to obtain at least two copies of each original document.  Plaintiff should submit the original document to the court for

1

filing, serve one copy on defendant's counsel, and keep one copy for his records.  Plaintiff need not be concerned with sending any copies to the court besides the original sent for filing.  Plaintiff's filings will not be stricken from the record and plaintiff will not otherwise be penalized for failing to submit the original plus one copy to the court.  When plaintiff obtains copies of his documents, service of a copy on defendant's counsel must be plaintiff's first priority.  Service on defendant's counsel is mandatory and may not be excused.

In this instance, the court will direct the Clerk's Office to send copies of plaintiff's recent filings to defendant's counsel, as it is not clear which filings were served and which were not.  If plaintiff's access to regular photocopy services is limited due to an institutional lock-down, plaintiff may make a handwritten copy to serve on defendant's counsel.  The court cannot and will not again serve plaintiff's filings for him.

Turning to the deposition transcript, the officer before whom the deposition was conducted must furnish a copy of the deposition to plaintiff upon payment of reasonable charges.  Fed. R. Civ. P. 30(f)(2).  However, there is no provision under the Federal Rules or the Local Rules for free copies of deposition transcripts.  Further, the expenditure of public funds on behalf of an indigent litigant is proper only when authorized by Congress.  <u>See</u> <u>Tedder v. Odel</u>, 890 F.2d 210 (9th Cir. 1989) (citations omitted).  The in forma pauperis statute does not authorize the expenditure of public funds for the purpose sought by plaintiff in the instant motion.  Accordingly, to the extent that plaintiff is seeking a free copy of the transcript for his own records, his motion must be denied.

Plaintiff's filing of September 12, 2005, appears to involve review of the transcript rather than the obtainment of a free copy.  Rule 30 provides that "[i]f requested by the deponent or a party before completion of the deposition, the deponent shall have 30 days after being notified by the officer that the transcript . . . is available in which to review the transcript . . . and, if there are changes in form or substance, to sign a statement reciting such changes and the reasons given by the deponent for making them."  Fed. R. Civ. P. 30(e).  Plaintiff is entitled to review the transcript free of charge, subject to the provisions of Rule 30.

Plaintiff indicates that he was informed by letter that he must review the transcript at the court reporter's office in Salinas.  Given that plaintiff is incarcerated, it is extremely unlikely that

1  plaintiff will be able to do so.  The court is unaware if there is a standard protocol, but in other cases

2  before this court, the transcript has been sent to the Litigation Office and the inmate was provided

3  with the opportunity to review the transcript at the prison.

4       Although neither party is precluded form seeking further assistance of the court if necessary,

5  the court believes this issue can be resolved between the parties and the litigation coordinator

6  without further involvement of the court at this time.  To that end, defendant's counsel is directed

7  to contact plaintiff, and the litigation coordinator if necessary, in an effort to facilitate a review of

8  the transcript and resolve this issue.  Fed. R. Civ. P. 30(e)(2).

9       Accordingly, it is HEREBY ORDERED that:

10      1.    The Clerk's Office shall send defendant's counsel copies of court document numbers

11            37, 38, 39, 41, and 42;

12      2.    Plaintiff's motion for a free copy of his deposition transcript, filed August 1, 2005,

13            is DENIED; and

14      3.    Defendant's counsel shall contact plaintiff in an effort to facilitate a review of the

15            transcript, subject to the provision of Rule 30(e)(2).

16

17  IT IS SO ORDERED.

18  **Dated:**    **September 14, 2005**           **/s/ Sandra M. Snyder**
    icido3                     UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26

27

28