# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES GARRETT, | CASE NO. 1:03-CV-5892-AWI-SMS-P |
| Plaintiff, | ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL |
| v. | (Doc. 41) |
| C/O RICHHI, | |
| Defendant. | |

Plaintiff James Garrett ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On September 7, 2005, plaintiff filed a motion for the appointment of counsel.

Plaintiff's contention that the denial of counsel violates his Sixth and Fourteenth Amendment rights is without merit. The Sixth Amendment guarantees the appointment of counsel only in criminal cases. This is a civil case and the Constitution does not provide for the mandatory appointment of counsel in such cases.

The court cannot require an attorney to represent plaintiff. Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). Without a reasonable method of securing and compensating counsel, this court will seek volunteer counsel only in the most serious and exceptional cases. "A finding of exceptional circumstances requires an evaluation of both 'the

///

1  likelihood of success of the merits and the ability of the [plaintiff] to articulate his claims *pro se* in
2  light of the complexity of the legal issues involved.'" Terrell, 935 F.2d at 1017 (citations omitted).
3       In the present case, the court does not find the required exceptional circumstances.  Even if
4  it is assumed that plaintiff is not well versed in the law and that he has made serious allegations
5  which, if proved, would entitle him to relief, his case is not exceptional.  This court is faced with
6  similar cases almost daily.  The court cannot make a determination that plaintiff is likely to succeed
7  on the merits, and based on a review of the record in this case, the court does not find that plaintiff
8  cannot adequately articulate his claims.  Terrell, 935 F.2d at 1017.
9       For the foregoing reasons, plaintiff's motion for the appointment of counsel, filed September
10  7, 2005, is DENIED, without prejudice.

12  IT IS SO ORDERED.
13  **Dated:   October 7, 2005**            /s/ Sandra M. Snyder
    i0d3h8                               UNITED STATES MAGISTRATE JUDGE