# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES GARRETT,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>C/O RICHHI,<br><br>　　　　　Defendant.<br>_____ / | CASE NO. 1:03-CV-05892-AWI-SMS-P<br><br>ORDER STRIKING DECLARATION OF LLOYD BROOKS SR. AND SURREPLY<br><br>(Docs. 74 and 78)<br><br>ORDER ADDRESSING SUBMISSION OF SUPPLEMENTAL OPPOSITION<br><br>(Doc. 75) |

　　　Plaintiff James Garrett ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's second amended complaint, filed December 11, 2003, against defendant Ricci[1] ("defendant") for violating the Eighth Amendment and the Equal Protection Clause of the Fourteenth Amendment. On February 6, 2006, defendant filed a motion for summary judgment. (Docs. 63-65.) Plaintiff filed an opposition on March 31, 2006, and defendant filed a reply on April 11, 2006. (Docs. 72-75, 77.) On April 28, 2005, plaintiff filed a surreply. (Doc. 78.)

　　　In addition to his opposition brief and declaration, plaintiff filed the declaration of Lloyd Brooks, Sr. and a supplemental opposition. Brooks did not provide the declaration submitted by plaintiff. Plaintiff signed the declaration himself and states that the declaration is based on what

///

---

[1] Identified as defendant Richhi in the second amended complaint.

Brooks would say under oath. Plaintiff may not draft and sign a declaration on the behalf of a witness. The declaration shall therefore be stricken from the record.

The supplemental opposition, which was filed the same day as the opposition, appears to be an attempt by plaintiff have his request for admissions directed to defendant deemed admitted and considered in support of his opposition to defendant's motion. Plaintiff contends that he served defendant's counsel with a request for admissions but counsel returned it to him unanswered on the ground that discovery was over. Plaintiff asserts that when the court issued the order on November 18, 2005, vacating the second scheduling order, the order effectively vacated the discovery deadline and the admissions are deemed admitted because the request was returned by counsel in error.

On November 18, 2005, the court vacated the *second* scheduling order, which set this matter for jury trial, and extended the pre-trial dispositive motion deadline. (Doc. 55.) The discovery deadline was set forth in the *first* scheduling order filed on September 2, 2004, and then extended to July 25, 2005, by order filed May 17, 2005. (Docs. 22, 34.) The court's order of November 18 was unrelated to either the first scheduling order or the order extending the deadlines set forth in the first scheduling order. Plaintiff's assertion that the issuance of the order vacating the second scheduling order setting this matter for trial had the effect of re-opening discovery is without merit. The deadline for the completion of all discovery was July 25, 2005, and the request for admissions served on October 22, 2005, was not wrongfully returned by counsel and are not deemed admitted.

Finally, plaintiff filed a surreply. Neither the Federal Rules of Civil Procedure nor the Local Rules provides for a surreply. Plaintiff did not seek leave to file a surreply and the court did not deem it necessary to request one. Accordingly, plaintiff's surreply shall be stricken from the record.

Based on the foregoing, it is HEREBY ORDERED that:

1. The declaration of Lloyd Brooks, Sr., filed March 31, 2006, is STRICKEN from the record;

2. Plaintiff's supplemental opposition, filed March 31, 2006, is deemed addressed by this order; and

///

///

3. Plaintiff's surreply, filed April 28, 2006, is STRICKEN from the record.

IT IS SO ORDERED.

**Dated:   June 2, 2006**                         **/s/ Sandra M. Snyder**
icido3                                         UNITED STATES MAGISTRATE JUDGE