UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES GARRETT, | 1:03-cv-05892-AWI-SMS-P |
| Plaintiff, | **ORDER ADOPTING FINDINGS AND RECOMMENDATIONS** (Doc. 83) |
| vs. | |
| C/O RICHHI, | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |
| Defendant. | (Doc. 63) |

Plaintiff James Garrett ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

On June 5, 2006, the Magistrate Judge filed a Findings and Recommendations herein which was served on the parties and which contained notice to the parties that any objections to the Findings and Recommendations were to be filed within thirty days. On July 6, 2006, defendant Ricci ("Defendant") filed an objection, and on July 11, 2006, plaintiff filed an objection.
//

1

1    In accordance with the provisions of 28 U.S.C. §
2 636(b)(1)(C) and Local Rule 73-305, this Court has conducted a <u>de
3 novo</u> review of this case.  Having carefully reviewed the entire
4 file, the Court finds the Findings and Recommendations to be
5 supported by the record and by proper analysis.
6    In his objections, Defendant Ricci contends that the
7 Magistrate Judge erred in concluding there was a disputed issue
8 of fact on whether Defendant could have moved Plaintiff.  In the
9 objections, Defendant submits Exhibit D, which provides prison
10 rules stating that a Facility Lieutenant or Sergeant must
11 authorize an inmate's bed housing assignment.  The court
12 declines to consider this new evidence.  A new theory cannot
13 properly be raised in objections to Findings and Recommendations.
14 <u>Greenhow v. Secretary of HHS</u>, 863 F.2d 633, 638-39 (9th Cir.
15 1988), *overruled on other grounds by* <u>United States v. Hardesty</u>,
16 977 F.2d 1347 (9th Cir.1992).  Factual assertions that which
17 could have been but were not presented to the Magistrate Judge
18 should be given no consideration when the court is deciding
19 whether to adopt Findings and Recommendations  <u>Sundaram v. County
20 of Santa Barbara</u>, 2001 WL 540515, *1 (C.D.Cal. 2001); <u>Beam
21 System, Inc. v. Checkpoint Systems, Inc.</u>, 1997 WL 423113, *9 n.9
22 (C.D.Cal. 1997).  "[A]llowing parties to litigate fully their
23 case before the magistrate and, if unsuccessful, to change their
24 strategy and present a different theory to the district court
25 would frustrate the purpose of the Magistrates Act." <u>Greenhow</u>,
26 863 F.2d at 638. In addition, taking all evidence in Plaintiff's
27 favor, Plaintiff talked to Defendant about his bed assignment for
28 two weeks, and Defendant Ricci did not do anything, such as

2

1  directing Plaintiff's request to someone who could effectuate the
2  change.  Thus, Defendants objections do not present a basis to
3  not adopt the Findings and Recommendations.
4       In his objections, Plaintiff contends the Magistrate Judge
5  erred by recommending Defendant be granted summary judgment on
6  Plaintiff's equal protection claims.  As explained by the
7  Magistrate Judge, the Equal Protection Clause requires that
8  persons who are similarly situated be treated alike. City of
9  Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439
10 (1985).  A plaintiff generally establishes an equal protection
11 claim by showing that a defendant has intentionally discriminated
12 on the basis of the plaintiff's membership in a protected class.
13 See, e.g., Lee v. City of Los Angeles, 250 F.3d 668, 686 (9
14 Cir.2001) (*citing* Barren v. Harrington, 152 F.3d 1193, 1194 (9th
15 Cir.1998), *cert. denied,* 525 U.S. 1154 (1999)).  The first step
16 in this equal protection analysis is to identify the asserted
17 classification of groups.  Thornton v. City of St. Helens, 425
18 F.3d 1158, 1166-67 (9th Cir. 2005); Freeman v. City of Santa Ana,
19 68 F.3d 1180, 1187 (9th Cir. 1995).   The groups must be
20 comprised of similarly situated persons so that the factor
21 motivating the alleged discrimination can be identified.
22 Freeman, 68 F.3d at 1187.  "An equal protection claim will not
23 lie by 'conflating all persons not injured into a preferred class
24 receiving better treatment' than the plaintiff. Thornton, 425
25 F.3d at 1167  (*quoting* Joyce v. Mavromatis, 783 F.2d 56, 57 (9th
26 Cir. 1986).  Under this theory of equal protection, the plaintiff
27 must show that the Defendants' actions were a result of the
28 plaintiff's membership in a suspect class, such as race.

3

1  Thornton, 425 F.3d at 1167.  If the state action in question does
2  not involve a suspect classification, a plaintiff establishes an
3  equal protection claim by showing similarly situated individuals
4  are treated differently without a rational relationship to a
5  legitimate state purpose.  See San Antonio School District v.
6  Rodriguez, 411 U.S. 1 (1972);  Squaw Valley Development Co. v.
7  Goldberg, 375 F.3d 936, 944 (9th Cir.2004) (*quoting* Village of
8  Willowbrook v. Olech, 528 U.S. 562, 564 (2000)).

9  　　On this summary judgment motion, Plaintiff is required to
10 come forward with evidence showing that other inmates who had a
11 medical need for a lower bunk and requested a lower bunk from
12 Defendant, were given a lower bunk.  See  Matsushita Elec. Indus.
13 Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986); First Nat'l
14 Bank of Arizona v. Cities Serv. Co., 391 U.S. 253, 288-89 (1968);
15 Ruffin v. County of Los Angeles, 607 F.2d 1276, 1280 (9th Cir.
16 1979).  Absent evidence that Defendant treated other similarly
17 situated inmates differently, Plaintiff's equal protection claim
18 fails.

19 　　Accordingly, IT IS HEREBY ORDERED that:
20 　　1.　The Findings and Recommendations, filed June 5, 2006,
21 is ADOPTED IN FULL; and,
22 　　2.　Defendant's motion for summary judgment, filed February
23 6, 2006, is GRANTED IN PART and DENIED IN PART as follows:
24 　　　　a.　Defendant's motion for summary adjudication on
25 plaintiff's Eighth Amendment conditions-of-confinement claim
26 against him is DENIED; and,
27 　　　　b.　Defendant's motion for summary adjudication on
28 plaintiff's Fourteenth Amendment equal protection claim is

4

1  GRANTED; and
2      3.   This matter is referred back to the Magistrate Judge to
3  be set for trial.
4
5  IT IS SO ORDERED.
6  **Dated:   August 28, 2006**              **/s/ Anthony W. Ishii**
   0m8i78                          UNITED STATES DISTRICT JUDGE