# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES GARRETT,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>F. RICHHI,<br><br>　　　　Defendant.<br>_____ / | CASE NO. 1:03-CV-05892-AWI-SMS-P<br><br>**ORDER GRANTING REQUEST FOR AN ENLARGEMENT OF TIME**<br><br>Telephonic Trial Confirmation<br>Hearing Date:　　March 12, 2007, at 3:30 p.m. in Courtroom 2 (AWI)<br><br>Jury Trial Date:　　April 17, 2007 at 8:30 a.m. in Courtroom 2 (AWI) |

## BACKGROUND

Plaintiff James Garrett ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's second amended complaint, filed December 11, 2003, against defendant Ricci ("Defendant") under section 1983 for subjecting plaintiff to conditions of confinement which violated the Eighth Amendment. On September 18, 2006, the court filed an Amended Second Scheduling Order, which granted Plaintiff more time to prepare his pretrial statement and set trial in this action for March 5, 2007.

On December 6, 2006, Plaintiff filed a second request for an enlargement of time to file his pretrial statement. Plaintiff again states that he is on "lock down" status and will not be able

1  to file his pretrial statement on time.  Good cause having been presented, the court will provide
2  Plaintiff additional time to comply with the Amended Second Scheduling Order.   Because
3  Plaintiff's request for more time fails to indicate when Plaintiff believes he will be able to file his
4  pretrial statement and the court cannot indefinitely continue the trial, the court will not move the
5  trial date at this time.

**AMENDED SECOND SCHEDULING ORDER**

7  The parties are required to file pre-trial statements in accordance with the schedule set
8  forth herein.  In addition to the matters already required to be addressed in the pre-trial statement
9  in accordance with Local Rule 16-281, Plaintiff will be required to make a particularized
10 showing in order to obtain the attendance of witnesses.  The procedures and requirements for
11 making such a showing are outlined in detail below.  Plaintiff is advised that failure to comply
12 with the procedures set forth below may result in the preclusion of any and all witnesses named
13 in his pre-trial statement.

14 At the trial of this case, Plaintiff must be prepared to introduce evidence to prove each of
15 the alleged facts that support the claims raised in the lawsuit.  In general, there are two kinds of
16 trial evidence:  (1) exhibits and (2) the testimony of witnesses.  It is Plaintiff's responsibility to
17 produce all of the evidence to prove his case, whether that evidence is in the form of exhibits or
18 witness testimony.  If Plaintiff wants to call witnesses to testify, he must follow certain
19 procedures to ensure that the witnesses will be at the trial and available to testify.

20  1.  <u>Procedures for Obtaining Attendance of Incarcerated Witnesses Who Agree to
21 Testify Voluntarily</u>  -  An incarcerated witness who agrees voluntarily to attend trial to give
22 testimony cannot come to court unless this court orders the warden or other custodian to permit
23 the witness to be transported to court.  This court will not issue such an order unless it is satisfied
24 that: (a) the prospective witness is willing to attend; <u>and</u> (b) the prospective witness has actual
25 knowledge of relevant facts.

26 A party intending to introduce the testimony of incarcerated witnesses who have agreed
27 voluntarily to attend the trial must serve and file <u>concurrent with the pre-trial statement</u> a written
28 motion for a court order requiring that such witnesses be brought to court at the time of trial.  The

motion must: (1) state the name, address, and prison identification number of each such witness; and (2) be accompanied by declarations showing that each witness is willing to testify and that each witness has actual knowledge of relevant facts. The motion should be entitled "Motion for Attendance of Incarcerated Witnesses."

The willingness of the prospective witness can be shown in one of two ways: (1) the party himself can swear by declaration under penalty of perjury that the prospective witness has informed the party that he or she is willing to testify voluntarily without being subpoenaed, in which declaration the party must state when and where the prospective witness informed the party of this willingness; or (2) the party can serve and file a declaration, signed under penalty of perjury by the prospective witness, in which the witness states that he or she is willing to testify without being subpoenaed.

The prospective witness's actual knowledge of relevant facts can be shown in one of two ways: (1) if the party has actual firsthand knowledge that the prospective witness was an eyewitness or an ear-witness to the relevant facts (i.e., if an incident occurred in plaintiff's cell and, at the time, Plaintiff saw that a cellmate was present and observed the incident, Plaintiff may swear to the cellmate's ability to testify), the party himself can swear by declaration under penalty of perjury that the prospective witness has actual knowledge; or (2) the party can serve and file a declaration signed under penalty of perjury by the prospective witness in which the witness describes the relevant facts to which the prospective witness was an eye- or ear-witness. Whether the declaration is made by the party or by the prospective witness, it must be specific about the incident, when and where it occurred, who was present, and how the prospective witness happened to be in a position to see or to hear what occurred at the time it occurred.

The court will review and rule on the motion for attendance of incarcerated witnesses, specifying which prospective witnesses must be brought to court. Subsequently, the court will issue the order necessary to cause the witness's custodian to bring the witness to court.

**Motions for the attendance of incarcerated witnesses, if any, must be filed on or before January 29, 2007. Oppositions, if any, must be filed on or before February 12, 2007.**

2. <u>Procedures for Obtaining Attendance of Incarcerated Witnesses Who Refuse to Testify Voluntarily</u> - If a party seeks to obtain the attendance of incarcerated witnesses who refuse to testify voluntarily, the party should submit with his pre-trial statement a motion for the attendance of such witnesses. Such motion should be in the form described above. In addition, the party must indicate in the motion that the incarcerated witnesses are not willing to testify voluntarily.

3. <u>Procedures for Obtaining Attendance of Unincarcerated Witnesses Who Agree to Testify Voluntarily</u> - It is the responsibility of the party who has secured an unincarcerated witness's voluntary attendance to notify the witness of the time and date of trial. No action need be sought or obtained from the court.

4. <u>Procedures for Obtaining Attendance of Unincarcerated Witnesses Who Refuse to Testify Voluntarily</u> - If a prospective witness is not incarcerated, and he or she refuses to testify voluntarily, the witness must be served with a subpoena. Fed. R. Civ. P. 45. In addition, the party seeking the witness's presence must tender an appropriate sum of money for the witness. <u>Id</u>. In the case of an unincarcerated witness, the appropriate sum of money is the daily witness fee of $40.00 <u>plus the witness's travel expenses</u>. 28 U.S.C. § 1821.

If plaintiff wishes to obtain the attendance of one or more unincarcerated witnesses who refuse to testify voluntarily, plaintiff must first notify the court in writing of the name and location of each unincarcerated witness. The court will calculate the travel expense for each unincarcerated witness and notify plaintiff of the amount(s). Plaintiff must then, for each witness, submit a money order made payable to the witness for the full amount of the witness's travel expenses plus the daily witness fee of $40.00. <u>The subpoena will not be served upon the unincarcerated witness by the United States Marshal unless the money order is tendered to the court</u>. Because no statute authorizes the use of public funds for these expenses in civil cases, the tendering of witness fees and travel expenses is required even if the party was granted leave to proceed in forma pauperis.

**If plaintiff wishes to have the Marshal serve any unincarcerated witnesses who refuse to testify voluntarily, plaintiff must submit the money orders to the court no later**

4

1  **than March 5, 2007.**  In order to ensure timely submission of the money orders, plaintiff should
2  notify the court of the names and locations of his witnesses, in compliance with step one, as soon
3  as possible.
4      The parties are advised that failure to file pre-trial statements as required by this order
5  may result in the imposition of appropriate sanctions, which may include dismissal of the action
6  or entry of default.

**ORDER**

8      Accordingly, the court HEREBY ORDERS as follows:
9      1.    Plaintiff's application for an enlargement of time is GRANTED;
10     2.    The March 5, 2007 telephonic trail confirmation hearing is VACATED;
11     3.    This matter is set for telephonic trial confirmation hearing before the undersigned
12         on **March 12, 2007, at 3:30 p.m.** in Courtroom 2;
13     4.    This matter remains set for jury trial before the undersigned on **April 17, 2007, at**
14         **8:30 a.m.** in Courtroom 2;
15     5.    Counsel for Defendant is required to arrange for the participation of Plaintiff in
16         the telephonic trial confirmation hearing and to initiate the telephonic hearing at
17         **(559) 499-5669**;
18     6.    Plaintiff shall serve and file a pre-trial statement as described in this order on or
19         before **January 29, 2007**;
20     7.    Defendant shall serve and file a pre-trial statement as described in this order on or
21         before **February 12, 2007**;
22     8.    In addition to electronically filing their pre-trial statement, Defendant shall e-mail
23         his pre-trial statement to: awiorders@caed.uscourts.gov;
24     9.    If Plaintiff intends to call incarcerated witnesses at time of trial, Plaintiff shall
25         serve and file a motion for attendance of incarcerated witnesses as described in
26         this order on or before **January 29, 2007**;
27     10.   Any opposition to the motion for the attendance of incarcerated witnesses shall be
28         filed on or before **February 12, 2007**; and

11. If Plaintiff wishes to obtain the attendance of unincarcerated witnesses who refuse to testify voluntarily, plaintiff must submit the money orders, as described in subsection 4 of this order, to the court on or before **March 5, 2007**.

IT IS SO ORDERED.

**Dated:     December 11, 2006**            /s/ Anthony W. Ishii
0m8i78                                      UNITED STATES DISTRICT JUDGE