IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JAMES GARRETT,** | CV F 03-5892  AWI SMS P |
| Plaintiff, | **ORDER REGARDING INMATE WITNESS** |
| v. | (Document #100) |
| **F. RICHHI,** | |
| Defendant | |

      In this action, Plaintiff alleges that he has a seizure disorder and Defendant was deliberately indifferent to Plaintiff's serious medical condition when he refused to assign Plaintiff to a lower bunk between April 2, 2002 and April 23, 2002.  Trial in this action is set for April 17, 2007.

      Plaintiff has requested that the court bring Inmate Lloyd Brooks, Sr. (CDC# T-46831) to trial to testify on Plaintiff's behalf.  Plaintiff contends that Inmate Brooks witnessed Plaintiff's requests to be moved to a lower bunk, and Inmate Brooks observed Plaintiff fall from the upper bunk on April 23, 2002.  Based on Plaintiff's declaration, it appears Inmate Brooks has evidence that is relevant to this trial.  Inmate Brooks can testify about the steps Plaintiff took to be housed on a lower bunk.  Inmate Brooks can also provide his observations of what occurred when Plaintiff fell on April 23, 2002.  Thus, the court finds Inmate Brooks is a relevant witness, and his testimony would be beneficial to Plaintiff.

The problem with bringing Inmate Brooks to trial to testify is that Plaintiff concedes that Inmate Brooks has not recently expressed a willingness to testify on Plaintiff's behalf at a trial beginning on April 17, 2007. Plaintiff provides evidence that Inmate Brooks is now housed at the California Men's Facility in Vacaville, and institution rules prohibit Plaintiff from contacting Inmate Brooks. Because of prison policy, it appears that it will be impossible for Plaintiff to obtain an affidavit from Inmate Brooks prior to trial. Because the trial date is near, the court will order Inmate Brooks brought to trial to testify in this action.

However, the court informs the parties and Inmate Brooks that it is not this court's policy to transport an inmate witness to trial unless that inmate witness is willing to come to court to testify. For that reason, the court is serving a courtesy copy of this order on Inmate Brooks. If Inmate Brooks does not have any relevant information about what occurred on April 23, 2002 and/or Inmate Brooks is not willing to come to court to testify in this action, Inmate Brooks should contact the court immediately. Any letter from Inmate Brooks should indicate the case name and case number of this action, state that Inmate Brooks is not willing to testify, and ask that the transportation order be vacated.

Accordingly, the court orders that:

1. Plaintiff's motion for the attendance of incarcerated witness Inmate Brooks is GRANTED; and

2. The Clerk of the Court is DIRECTED to send a courtesy copy of this order to:

   Mr. Lloyd Brooks, Sr. (CDC # T-46831)
   California Men's Facility
   1600 California Drive
   P.O. Box 2000
   Vacaville, CA   95696-2000

IT IS SO ORDERED.

**Dated:   March 13, 2007**              /s/ Anthony W. Ishii
0m8i78                              UNITED STATES DISTRICT JUDGE

2