IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JAMES GARRETT, | ) | CV 1: 03-CV-5892 AWI SMS P |
| | ) | |
| Plaintiff, | ) | ORDER DENYING PLAINTIFF'S |
| v. | ) | MOTION FOR TRANSCRIPTS AT |
| | ) | GOVERNMENT EXPENSE |
| JAMES RICCI, | ) | |
| | ) | |
| Defendants. | ) | (Document #134) |
| | ) | |
| | ) | |

**BACKGROUND**

In this action, Plaintiff James Garrett ("Plaintiff"), brought a civil rights action against Defendant for violations of Plaintiff's civil rights.   After a jury trial, on April 24, 2007, the jury returned a verdict in favor of Defendant.

On April 20, 2007, Plaintiff filed a notice of appeal.   On May 2, 2007, Plaintiff filed a motion for the preparation of a trial transcripts.   Plaintiff asks for transcripts of the entire trial, including jury selection.   Plaintiff states that he is indigent and cannot afford to pay for transcripts.

**DISCUSSION**

Plaintiff requests that the court provide him all transcripts for this action.   Plaintiff is hereby informed that Plaintiff's in forma pauperis status in both this court and in the Ninth Circuit Court of Appeals does not automatically entitle Plaintiff to have the court reporter

prepare transcripts at government expense.  A litigant who has been granted in forma pauperis status may file a motion to have transcripts produced at government expense.  See 28 U.S.C. § 753(f); McKinney v. Anderson, 924 F.2d 1500, 1511-12 (9th Cir.1991) (subsequent history omitted).  Two statutes must be considered whenever the district court receives a request to prepare transcripts at the government's expense.  First, 28 U.S.C. § 1915(c) defines the limited circumstances under which the court can direct the government to pay for transcripts for a litigant proceeding in forma pauperis.

> (c) Upon the filing of an affidavit in accordance with subsections (a) and (b) and the prepayment of any partial filing fee as may be required under subsection (b), the court may direct payment by the United States of the expenses of (1) printing the record on appeal in any civil or criminal case, if such printing is required by the appellate court; (2) preparing a transcript of proceedings before a United States magistrate judge in any civil or criminal case, if such transcript is required by the district court, in the case of proceedings conducted under section 636(b) of this title or under section 3401(b) of title 18, United States Code; and (3) printing the record on appeal if such printing is required by the appellate court, in the case of proceedings conducted pursuant to section 636(c) of this title. Such expenses shall be paid when authorized by the Director of the Administrative Office of the United States Courts.

28 U.S.C. § 1915(c).  Second, 28 U.S.C. § 753(f) allows the court to order the government to pay for transcripts only if "the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal." 28 U.S.C. § 753(f).

Plaintiff's motion for transcripts provides insufficient information for the court to determine whether this case is one in which limited government resources should be spent on the preparation of transcripts.  In his motion, Plaintiff has merely asks that transcripts be prepared. Plaintiff has not provided the court with the specific issues he wishes to appeal and what specific transcripts he believes are necessary to litigate that claim on appeal.   Without knowing which specific parts of the transcript are necessary for Plaintiff to fully litigate his appellate issues, the court cannot determine whether Plaintiff's request for transcripts is not frivolous and the type of transcripts which would be required.  See McKinney, 924 F.2d at 1511-12.

**ORDER**

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's request for the preparation of transcripts at government expense is DENIED WITHOUT PREJUDICE; and

6. The Clerk of the Court is DIRECTED to serve a copy of this order on the Ninth Circuit Court of Appeals so that the Ninth Circuit can determine if it desires to order some transcripts be prepared at government expense.

IT IS SO ORDERED.

Dated: July 26, 2007            /s/ Anthony W. Ishii
                                UNITED STATES DISTRICT JUDGE